UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| James Bowen and Lisa Bowen, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Select Portfolio Servicing, Inc.,<br><br>Defendant. | CIVIL ACTION NO. 1:23-cv-11231-IT |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

### I. INTRODUCTION

Plaintiffs claim Defendant Select Portfolio Servicing, Inc. ("SPS") engaged in a pattern or practice of noncompliance with the Real Estate Settlement Procedures Act ("RESPA") because it did not produce call recordings or transcripts of call recordings in response to Qualified Written Requests ("QWR"). 12 U.S.C. § 2605. A necessary element of a RESPA claim based on a pattern or practice of non-compliance is that actual damages were caused by the failure to comply with the Act. *Id.* Plaintiffs fail to allege actual damages for themselves or the putative class. Without any allegations of fact or claim for actual damages resulting from the alleged RESPA violation, no statutory relief is available under 12 U.S.C. § 2605. Thus the Court should grant SPS judgment on the pleadings.

### II. STATEMENT OF ALLEGATIONS

Plaintiffs' Complaint pursues a putative class action under RESPA against SPS on behalf of themselves and all others similarly situated for violations of the loan servicer's alleged duty to respond to borrower inquiries. (Complaint, *Exhibit A* at ¶ 1). Plaintiffs allege that near the end of 2022, they mailed a QWR to SPS and that SPS's response was incomplete because it did not

include telephone recordings. (*Id.* at ¶ 22). Plaintiffs claim they mailed another QWR to SPS on or around July 2022, December 2022, and February 27, 2023. (*Id.* at ¶¶ 23-25). The July 2022 and December 2022 QWRs requested "[a] copy of any and all recordings…[and a] copy of any and all transcripts of conversations with [Plaintiffs] or any other person concerning [Plaintiffs'] account." (*Id.* at ¶¶ 23-24). SPS responded to Plaintiffs' requests on March 10, 2023, providing requested documents, with the exception of telephone recordings; SPS stated recordings are privileged or proprietary and thus do not need to be produced. (*Id.* at ¶¶ 26-28).

Plaintiffs further allege that under RESPA and Regulation X, loan servicers must respond to a QWR or Request for Information ("RFI") with the requested information or a written notification explaining why the requested information is not available. (*Id.* at ¶¶ 9-10). Citing Regulation X, Plaintiffs state "[i]nformation is 'not available' if: '[(1.)] The information is not in the servicer's control or possession, or [(2.)] The information cannot be retrieved in the ordinary course of business through reasonable efforts.'" (*Id.* at ¶ 11). Plaintiffs claim that SPS's stance that the requested recordings are "privileged or proprietary" is unfounded. (*Id.* at ¶ 31). Moreover, Plaintiffs claim that SPS has demonstrated a "pattern or practice" of such failure due to suspected use of a "uniform template response" and failure to produce the requested recordings in response to two requests. (*Id.* at ¶¶ 30, 32-33).

Plaintiffs allege that SPS violated RESPA by failing to provide Plaintiffs' audio records and transcripts of calls they claim are available in the regular course of business. (*Id.* at ¶¶ 57-59). Plaintiffs claim that the putative class includes all persons in the United States with a mortgage loan serviced by SPS who requested, and were denied, copies of recordings or transcripts of phone calls between themselves and SPS within three years of filing the Complaint. (*Id.* at ¶ 40).

2

Plaintiffs do not plead any actual damages resulting from SPS's alleged RESPA violation. Instead, Plaintiffs rely exclusively on allegations of SPS's putative pattern or practice of denying RESPA requests for information to pursue statutory damages in an amount up to $2,000 for each alleged failure to adequately respond. (*Id.* at ¶¶ 14, 33, 44, and 61.) In their Prayer for Relief, Plaintiffs demand statutory damages in the amount of $2,000 per violation and an award of actual damages "according to proof per violation to each of the named Plaintiffs individually and to each member of the Class pursuant to 12 U.S.C. 2605(f)."

### III. STANDARD OF REVIEW.

"A motion for judgment on the pleadings bears a strong family resemblance to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and these two types of motions are treated in much the same way." *Kando v. R.I. State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018). To survive a motion to dismiss, a complaint must contain sufficient factual material "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a motion under Rule 12, a court must disregard "statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Lemelson v. U.S. Bank N.A.*, 721 F.3d 18, 21 (1st Cir. 2013) (citations omitted); s*ee also U.S. v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992) (the Rule 12(b)(6) standard "does not mean… that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized").

### IV. LEGAL ARGUMENT

A.     PLAINTIFFS PLEAD NO ACTUAL DAMAGES NECESSARY TO STATE A CLAIM UNDER THE REAL ESTATE SETTLEMENT PROCEDURES ACT.

RESPA requires that any plaintiff seeking relief, whether individually or in a class action, establish actual damages that result from a loan servicer's failure to comply with 12 U.S.C. § 2605.

Section 2605(f) (**Damages and costs**) provides that a loan servicer is liable to a borrower for the following damages:

> In the case of a class action, an amount equal to the sum of—
>
> (A) any actual damages to each of the borrowers in the class as a result of the failure; and
>
> (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not greater than $2,000 for each member of the class....

12 U.S.C. § 2605(f)(2). Numerous courts in this jurisdiction have uniformly interpreted section 2605(f) to require that a borrower demonstrate actual damages resulting from the violation to pursue compensatory relief. *Dyer v. Capital One, N.A.*, 496 F. Supp. 3d 554 (D. Mass. 2020); *Bulmer v. MidFirst Bank, FSA*, 59 F. Supp. 3d 271, 279 (D. Mass. 2014); *Searle v. RBS Citizens, N.A.*, C.A. No. 17-10427, 2018 U.S. Dist. LEXIS 36966, *18 (D. Mass. Mar. 7, 2018); and *Okoye v. Bank of N.Y. Mellon*, C.A. No. 10-11563, 2011 U.S. Dist. LEXIS 82769, *52-*53 (D. Mass. July 28, 2011). For example, in *Okoye*, 2011 U.S. Dist. LEXIS 82769 at *56, the Massachusetts federal court dismissed borrowers' RESPA claim because they did not allege any damages they suffered as a result of the servicer failing to provide them with information in response to RESPA requests. "Instead, the damages generally referred to in the Complaint arise from fees and other charges largely assessed prior to sending the first qualified written request to Litton." *Id.* The Court's legal analysis in *Okoye* focused on RESPA's demand that a borrower not only allege actual damages but also identify how the RESPA violation caused the damages. *Id.* at *53-*54.

Here, Plaintiffs pursue a class action lawsuit for violations of RESPA without claiming any actual damages. According to the Complaint's introduction, SPS "neglected to fulfill its duty to provide information available to it in the regular course of business to Plaintiffs upon receipt of Plaintiffs' QWR and RFI" and that SPS "demonstrated a 'pattern or practice' of failing to

adequately respond to borrowers' requests for account information, which makes Defendant liable for statutory damages in an amount up to $2,000 for each failure to adequately respond." (Complaint, *Exhibit A* at ¶¶ 13-14). No greater detail on damages is provided in the Complaint. Instead, Plaintiffs allege that "Defendant failed to produce the recordings in response to each request which further illustrates its pattern and practice of non-compliance." (*Id.* at ¶ 33). For the allegations particular to the RESPA cause of action, Plaintiffs allege at least 40 similarly situated borrowers whom Plaintiffs claim SPS denied RESPA requests, and that "[t]his is sufficient to demonstrate a 'pattern or practice' under RESPA" amounting to liability for statutory damages. (*Id.* at ¶ 61). Plaintiffs include an award of actual damages in their prayer for relief but only "according to proof per violation to each of the named Plaintiffs individually and to each member of the Class." (Complaint, *Exhibit A*, Prayer for Relief).

The Complaint fails to plead that Plaintiffs (or any class member) incurred any actual damages resulting from the alleged RESPA violations. Consequently, SPS cannot be held liable to Plaintiffs or the proposed class of borrowers.

Accepting as true all of the allegations in this Complaint for purposes of the motion, SPS is entitled to judgment on the pleadings.

    B.    THE EXPRESS TERMS OF RESPA ONLY PROVIDE STATUTORY DAMAGES AS AN ADDITIONAL MEASURE OF LIABILITY FOR PATTERN OR PRACTICE IF A BORROWER DEMONSTRATES ACTUAL DAMAGES.

The statutory damages provided under RESPA are not available to Plaintiffs because they have not suffered any actual damages. RESPA's class action damages provision provides that statutory damages in the case of a pattern or practice of noncompliance may be allowed as an *additional* measure of relief. 12 U.S.C. § 2605(f)(2). The statute recites that a loan servicer can be held liable in the case of class action for "any actual damages to each of the borrowers in the class as a result of the failure; and any additional damages, as the court may allow, in the case of a

5

pattern or practice of noncompliance." Numerous federal courts have analyzed RESPA's damages provision and concluded that only alleging a pattern or practice of noncompliance is insufficient to seek statutory penalties; the alleged non-compliance must also cause actual damages. *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 719-21 (8th Cir. 2017); *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1247 n.4 (11th Cir. 2016); *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 523 (10th Cir. 2013); *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 510-11 (8th Cir. 2012); *Bivins v. Select Portfolio Servicing, Inc.*, C.A. No. 1:15-cv-4325, 2016 U.S. Dist. LEXIS 194620, *9-*12 (N.D. Ga. June 1, 2016).

In *Wirtz*, 886 F.3d at 719, the Eighth Circuit reversed the judgment entered in favor of a borrower in a RESPA claim against a mortgage loan servicer because the borrower failed to prove actual damages. The Court analyzed whether Wirtz could recover additional damages for pattern or practice if there were no actual damages. *Id.* at 719-720. The Court focused on the term "additional" in the damages provision to conclude that a borrower cannot recover these statutory damages under RESPA without first recovering actual damages:

> A borrower cannot recover "additional" damages under § 2605(f)(1)(B) without first recovering actual damages. "[A]dditional" means "[e]xisting in addition, coming by way of addition; added." 1 *Oxford English Dictionary* 144 (2d ed. 1989). For RESPA's statutory damages to be "additional," there must be other damages to which they are "added." Because Wirtz suffered no actual damages, the district court's award of statutory damages must be reversed.

*Id.* at 719-20.

In *Bivins v. Select Portfolio Servicing, Inc.*, 2016 U.S. Dist. LEXIS 194620 at *9-*11, the Georgia federal court provided a more in-depth analysis of the plain and ordinary language employed in § 2605(f). The Court recommended the dismissal of a class action suit where the class representative only sought statutory damages and did not allege that he or any other putative member suffered actual damages. *Id.* at *12. Like *Wirtz*, the Court reviewed the Oxford English

6

Dictionary's definition of the term "additional" ("in addition to something else") to conclude that the use of the term "presupposes the existence of some other thing which is supplemented or increased by another." *Id*. at *10. The Court further ruled that the statute's use of two conjunctive words ("and" and "additional") demonstrated that Congress did not intend for the damages provisions to be read disjunctively. *Id.* at *11. Use of the words "and" and "additional" logically refuted the plaintiff's argument that damages under RESPA were *either* actual *or* statutory in the case of a pattern and practice claim.[1]

There are some rulings that RESPA claims require a plaintiff to plead actual *or* statutory damages. *See Canty v. Wells Fargo Bank, N.A.*, 463 F. Supp. 3d 57, 65 (D. Mass. 2020); *Afridi v. Residential Credit Sols, Inc.*, 189 F. Supp. 3d 193, 200 (D. Mass. 2016); and *Gaydos v. Bank of Am., N.A.*, C.A. No. 1:17-cv-10246, 2019 U.S. Dist. LEXIS 15220 at *9 (D. Mass. Jan. 30, 2019). These decisions all cite to *Kassner v. Chase Home Fin., LLC*, C.A. No. 11-10643, 2012 U.S. Dist. LEXIS 10358, * 19 (D. Mass. Jan. 27, 2012), which misinterprets the statutory requirements for damages: "in order for plaintiff to recover she must also plead either actual damages (demonstrable damages that occur 'as a result of' the specific violation complained of) or statutory damages (requiring the showing of a 'pattern or practice of noncompliance' by the servicer)." As discussed above, the statute does not provide a disjunctive assessment of damages depending on whether a borrower is pursuing a claim for actual damages or for a pattern or practice of noncompliance. Instead, RESPA provides that a servicer may be liable to a class of borrowers for actual damages that result from the servicer's failure and any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance. The *Kassner* line of cases reads an either/or analysis

---

[1] While not relevant at this point, the Georgia federal court addressed plaintiff's concern that requiring proof of actual damages would render RESPA class actions unworkable. The Court concluded that plaintiff's concern about hypothetical challenges in managing a class action could not trump the statutory language that statutory damages are additional damages. *Bivens,* 2016 U.S. Dist, LEXIS 194620 at *11-*12.

7

55043\314240340.v1

of the RESPA damages provision that simply does not exist on the face of the statute itself. Plaintiffs' Complaint is similarly flawed.

The Complaint demonstrates that Plaintiffs' claim is premised on establishing statutory damages through allegations of SPS's purported pattern and practice of not producing phone call recordings or transcripts when responding to a RESPA request for that information. There are no allegations in the Complaint of actual damages. Plaintiffs and the proposed class of borrowers have not suffered any actual damages. They appear to ignore the plain and ordinary language of section 2605(f)(2) on the mistaken assumption that they can plead actual *or* statutory damages. The language in the Act, *Wirtz,* and *Bivins* demonstrate that statutory penalties only exist as additional damages, which are not available in the absence of any actual damages.

## V. CONCLUSION

For the foregoing reasons, this Court must enter judgment on the pleadings in Defendant's favor.

SELECT PORTFOLIO SERVICING, INC.,
By its attorneys,


*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, BBO #665755
Megan E. Ryan, BBO #710300
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Tel: 617-213-7000
Fax: 617-213-7001
sbodurtha@hinshawlaw.com
meganryan@hinshawlaw.com

Dated: August 14, 2023

## **CERTIFICATE OF SERVICE**

      I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                         /s/ *Samuel C. Bodurtha*
                                         Samuel C. Bodurtha