Nicola S. Yousif (BBO #679545)
Matthew McKenna (BBO #705644)
Shield Law, LLC
157 Belmont St.
Brockton, MA 02301
Phone: 508-588-7300
E:nick@shieldlaw.com
E:matt@shieldlaw.com

Ryan L. McBride (Admitted Pro Hac Vice)
Kazerouni Law Group, APC
301 E. Bethany Home Road
Suite C-195
Phoenix, AZ 85012
Phone: 800-400-6808
ryan@kazlg.com

Attorneys for Plaintiff,
James Bowen and Lisa Bowen

**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| James Bowen and Lisa Bowen, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Select Portfolio Servicing, Inc.,<br><br>Defendant | Case No.: 1:23-cv-11231-IT<br><br>**[Class Action]**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 U.S.C. § 2601, ET SEQ.**<br><br>**Jury Trial Demanded** |

### Introduction

1. James Bowen ("Plaintiff James") and Lisa Bowen ("Plaintiff Bowen"), (or jointly referred to as "Plaintiffs") bring this Class action complaint on behalf of themselves, individually, and all others similarly situated, by and through

their attorneys, against Defendant Select Portfolio Servicing, Inc. ("Defendant") and alleges upon information and belief as follows:

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

4. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant.

5. Congress found "that significant reforms in the real estate settlement process are needed to ensure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C.§ 2601.

6. To address this finding, Congress passed the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et. seq., ("RESPA") in 1974.

7. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA.

8. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R..§ 1024, RESPA's implementing regulation. 12 U.S.C.§ 2617.

9. Under RESPA and Regulation X, loan servicers, including Defendant, must provide borrowers with specific account information available to them in the regular course of business upon receiving a Qualified Written Request ("QWR") or a Request for Information ("RFI") from the borrower. 12 U.S.C. § 2605(e)(1)(A); 12 C.F.R §§ 1024.35(a).

10. A servicer must respond within 30 days to a QWR for information or an RFI in one of two ways: (1) provide the requested information, or (2) conduct a "reasonable search" for the requested information and provide the borrower with written notification explaining the basis for the servicer's determination that the requested information is "not available." 12 C.F.R. § 1024.35(d)(1)(i) – (ii).

11. In its official commentary to Regulation X, the CFPB outlines what constitutes "not available." Information is "not available" if: "[(1.)] The information is not in the servicer's control or possession, or [(2.)] The information cannot be retrieved in the ordinary course of business through reasonable efforts." 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii).

12. As an example of "available" information, the CFPB provides the following in its official commentary to Regulation X:

> A borrower requests a copy of a telephonic communication with a servicer. The servicer's personnel have access in the ordinary course of business to audio recording files with organized recordings or transcripts of borrower telephone calls and an identify the communication referred to by the borrower through reasonable business efforts. The information requested by the borrower is **available to the servicer.** 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii) (bold face added).

13. Defendant has neglected to fulfill its duty to provide information available to it in the regular course of business to Plaintiffs upon receipt of Plaintiffs' QWR and RFI.
14. As alleged in greater detail below, Defendant has demonstrated a "pattern or practice" of failing to adequately respond to borrowers' requests for account information, which makes Defendant liable for statutory damages in an amount up to $2,000 for each failure to adequately respond. 12 U.S.C § 2605(f).
15. Notwithstanding this glaring failure to abide by its statutory duty, and despite Plaintiffs informing Defendant of its failure, Defendant continues to incorrectly state that the recordings are "privileged or proprietary."
16. Furthermore, at least two requests were made by Plaintiffs for the recordings in question and Defendant failed to produce the recordings in response to each request which further illustrates its pattern and practice of noncompliance.
17. As a result of Defendant's failure to provide the recordings and transcripts, Plaintiffs paid for postage to send the second QWR letter to Defendant.

**Jurisdiction and Venue**

18. This court has subject matter jurisdiction over this action under 28 U.S.C 1331 because the action arises out of violations of RESPA, a federal law.
19. This Court has personal jurisdiction over Defendant because Defendant conducts business in Massachusetts and maintains significant contacts within the state.
20. Venue is appropriate in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C 1391 for the following reasons: (i) Plaintiffs reside in Pembroke, Plymouth County, Massachusetts which is

within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all relevant times.

## Parties

21. Plaintiffs are residents and citizens of Plymouth County, in the State of Massachusetts.
22. On information and belief, Defendant is headquartered in West Valley City, Utah.

## Factual Allegations

23. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as if fully stated herein.
24. Near the end of 2022, Plaintiffs mailed a Qualified Written Request to Notice of Error and Request to Defendant. In this letter, Plaintiffs asked for several documents including "[a] copy of any and all recordings…[and a] copy of any and all transcripts of conversations with [Plaintiffs] or any other person concerning [Plaintiffs'] account."  Information pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. §§ 1024.35, 1024.36. Defendant provided some documents in response, but ignored Plaintiffs' request for telephone recordings.
25. On or around July of 2022, Plaintiffs mailed a Qualified Written Request to Notice of Error and Request to Defendant. In this letter, Plaintiffs asked for several documents including "[a] copy of any and all recordings…[and a] copy of any and all transcripts of conversations with [Plaintiffs] or any other person concerning [Plaintiffs'] account."  Information pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. §§ 1024.35, 1024.36. The letter was delivered August 8, 2022.

26. On or around December of 2022, Plaintiffs once again mailed a Qualified Written Request to Notice of Error and Request to Defendant. In this letter, Plaintiffs asked for several documents including "[a] copy of any and all recordings…[and a] copy of any and all transcripts of conversations with [Plaintiffs] or any other person concerning [Plaintiffs'] account." Information pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. §§ 1024.35, 1024.36. This letter was delivered on December 28, 2022.

27. On or around February 27, 2023, Defendants received another letter from Plaintiffs once again of a Qualified Written Request to Notice of Error and Request to Defendant.

28. On or about March 10, 2023, Plaintiffs' counsel received a partial response to Plaintiffs' February 27, 2023, Qualified Written Request from Defendant. In this response, Defendant failed to provide any of the request's recordings.

29. In the March 10, 2023, letter that Defendant mailed to Plaintiffs' counsel, the letter stated:

> In your inquiry, you requested that we provide all recorded conversations and the conversation log between James P. Bowen and Lisa A. Bowen and SPS. While we will not provide the recorded messages, we have enclosed a copy of the Account History.

30. Defendant went on to say in the March 10, 2023 letter that "[i]f a document was not provided it is because it is privileged or proprietary.

31. Plaintiffs are informed and believe and hereupon allege that Defendant has refused to produce recordings for possibly hundreds if not thousands of consumers that have requested them.

32. Plaintiffs are informed and believe and hereupon allege that Defendant has the ability to easily produce the requested recordings through reasonable business efforts.

33. Plaintiffs are informed and believe and hereupon allege that Defendant has no proper basis to conclude that telephone recordings and transcripts are "privileged or proprietary."

34. Defendant's blanket refusal to Plaintiffs appears to be a uniform template response sent to many consumers, which shows a pattern and practice of non-compliance with RESPA.

35. Furthermore, at least two requests were made by Plaintiffs for the recordings in question and Defendant failed to produce the recordings in response to each request which further illustrates its pattern and practice of non-compliance.

## Choice of Law

36. The State of Massachusetts has sufficient interest in the conduct at issue in this complaint, such that Massachusetts law may be uniformly applied to the claims of the proposed Class.

37. Defendant does substantial business in Massachusetts, and a significant portion of the proposed Class are located in Massachusetts. Moreover, Defendant avails itself to these Massachusetts citizens by soliciting directly to them.

38. The State of Massachusetts also has the greatest interest in applying its law to Class members' claims. Massachusetts' governmental interest include protecting resident consumers against unfair or deceptive acts or practices. *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.,* 640 N.E.2d 1101, 1104 (Mass. 1994).

39. If other states' laws were applied to Class members' claims, Massachusetts' interest in discouraging resident corporations from engaging in the sort of unfair and deceptive practices alleged in this complaint would be significantly impaired.

40. Massachusetts could not effectively regulate companies like Defendant, which does business throughout the United States, if it can only ensure remuneration for consumers from one of the 50 states affected by conduct that runs afoul of its laws.

**Class Action Allegations**

41. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated (the "Class"), pursuant to Federal Rule Civil Procedure 23(b)(1),(b)(2) and/or (b)(3).

42. The putative Class that Plaintiffs seek to represent is composed of:

> All persons within the United States who have or have had a mortgage loan with Defendant and who within three years from the filing of this Complaint have requested copies of audio recordings or transcripts of phone calls between themselves and Defendant pursuant to 12 U.S.C. § 2605(e)(1)(A) and 12. C.F.R. § 1024.36 and who have subsequently been denied access to those audio recordings by Defendant.

43. Excluded from the Class are any of Defendant's officers, directors, employees, affiliates, legal representatives, attorneys, heirs, and assigns, and any entity in which Defendant has a controlling interest. Judicial officers presiding over this case, its staff, and immediate family members, are also excluded from the Class.

44. Plaintiffs do not know the number of members in the Class but believes the

Class members number in the several thousands, if not more. Such information can be ascertained through Discovery from records maintained by Defendant. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

45. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiffs' claims are typical of the members of the Class, and Plaintiffs' can fairly and adequately represent the interests of the Class.

46. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

   a. Whether Defendant failed to provide audio recordings of telephone calls between Defendant and Class members as required under RESPA;

   b. Whether Defendant failed to conduct a "reasonable investigation" as required pursuant to 12 C.F.R. § 1024.35(d)(1)(i) – (ii);

   c. Whether Plaintiffs and the Class are entitled to damages under 12 U.S.C§ 2605(f);

   d. Whether Defendant demonstrates a "pattern or practice" of failing to respond to borrowers' QWRs and RFIs.) Whether Defendant's conduct violates 12 U.S.C. 2601 et. seq.; and

   e. Whether Plaintiffs and the putative Class and Subclass members are entitled to injunctive relief as sought herein

47. Plaintiffs' claims are typical of those of the other Class members because Plaintiffs, like every other Class member, requests audio recordings or transcripts of telephone calls between Plaintiffs and Defendant, and

Defendant refused to provide them.

48. Plaintiffs will fairly and adequately protect the interests of the Class and Subclass. Moreover, Plaintiffs have no interest that is contrary to or in conflict with those of the Class they seek to represent during the Class Period.

49. In addition, Plaintiffs have retained competent counsel experienced in Class action litigation to further ensure such protection and intend to prosecute this action vigorously.

50. The prosecution of separate actions by individual members of the Class and would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of Massachusetts and would lead to repetitious trials of the numerous common questions of fact and law in the State of Massachusetts. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class action. As a result, a Class action is superior to other available methods for the fair and efficient adjudication of this controversy.

51. Proper and sufficient notice of this action may be provided to the Class members through direct mail and email.

52. Moreover, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of Class treatment Defendant's violations of law inflicting substantial damages in the aggregate would not be remedied without certification of the Class.

53. Absent certification of this action as a Class action, Plaintiffs and the members of the Class will continue to be damaged by Defendant's refusal to comply with RESPA.

**First Cause of Action**

**Violations Of The**

**Real Estate Settlement Procedures Act, 12 U.S.C 2601 et. Seq.**

54. Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Plaintiffs' loans with Defendant were at all times relevant a "federally related mortgage loan" as defined by 12 U.S.C. 2602(1).

56. Defendant is, and was at all times, a loan "servicer" as defined by 12 C.F.R. § 1024.3.

57. Each plaintiff and Defendant are "persons" as defined by 12 U.S.C. § 2602(5).

58. A failure to follow regulations promulgated by the CFPB in Regulation X is per se a violation of RESPA. 12 U.S.C. § 2605(k).

59. Plaintiffs' request for audio recordings was both a QWR pursuant to 12 U.S.C. § 2605(e)(1)(A) and an RFI pursuant 12 C.F.R. 1024.36.

60. Audio recordings and transcripts of phone calls with borrowers are information "available in the regular course of business" to Defendant. See 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii).

61. Defendant failed to provide Plaintiffs with requested information available to Defendant in the ordinary course of business. Consequently, Defendant violated 12 U.S.C. § 2605(e), 12 U.S.C. § 2605(k) and 12 C.F.R. 1024.36.

62. Defendant further violated 12 U.S.C. § 2605(e), 12 U.S.C. § 2605(k), and 12 C.F.R. 1024.36 by failing to adequately investigate and respond to Plaintiffs' requests.

63. Plaintiffs are informed and believe that at least 40 other similarly-situated borrowers who have requested audio recordings or transcripts of telephone calls between themselves and Defendant only to be likewise denied access to that information by Defendant. This is sufficient to demonstrate a "pattern or practice" under RESPA. As such, Defendant is liable for statutory damages in the amount of up to $2,000 per violation pursuant to 12 U.S.C 2605(f)

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiffs the following relief against Defendant:

- That the Court determine this action may be maintained as a Class Action by certifying this case as a Class Action as to the Class;
- That the Court appoint Plaintiffs to serve as the Class Representatives in this matter and appoint Plaintiffs' Counsel as Class Counsel;
- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the statutes and laws asserted herein; and
- That Plaintiffs and the Class be awarded injunctive relief prohibiting such conduct in the future.
- Injunctive relief prohibiting such conduct in the future.
- Injunctive relief ordering Defendant to release audio recordings and transcripts of telephone calls to Plaintiff and Class members.
- Statutory damages in an amount of $2,000 per violation to each of the named Plaintiffs individually and to each member of the Class pursuant

to 12 U.S.C 2605(f)

- An award of actual damages according to proof per violation to each of the named Plaintiffs individually and to each member of the Class pursuant to 12 U.S.C. 2605 (f).
- Attorneys' fees and costs
- Any and all further relief that this Court deems just and proper.

**Trial By Jury**

64. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Date: August 14, 2023         By: **/s/Ryan L. McBride**
                                  Ryan L. McBride
                                  Attorney for Plaintiffs