UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| James Bowen and Lisa Bowen, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Select Portfolio Servicing, Inc.,<br><br>    Defendant. | CIVIL ACTION NO. 1:23-cv-11231-IT |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**I. INTRODUCTION.**

Rather than respond to Select Portfolio Servicing, Inc.'s ("SPS") first Motion for Judgment on the Pleadings, Plaintiffs filed an amended complaint. Plaintiffs' Amended Complaint, like their original complaint, remains fatally deficient for lack of any actual resulting damages. Accordingly, SPS is entitled to judgment on the pleadings.

The first motion sought judgment because Plaintiffs disregarded a statutory requirement to allege any actual resulting damages in a suit filed under the Real Estate Settlement Procedures Act ("RESPA"). Instead, they relied exclusively on allegations of SPS's pattern or practice of noncompliance with RESPA to demand statutory penalties and attorneys' fees and costs. The Amended Complaint repeats the alleged pattern or practice of noncompliance claims and adds allegations that their lawyer paid the postage costs for mailing the second Qualified Written Request ("QWR").

The pattern or practice of noncompliance allegations are, again, insufficient to establish actual damages. Further, RESPA does not consider postage costs as actual resulting damages. RESPA explicitly distinguishes the recovery of costs and fees from actual damages. Plaintiffs thus

fail to allege actual damages. Without allegations of fact sufficient for actual damages that result from the alleged RESPA violation, no statutory relief is available under 12 U.S.C. § 2605. This Court should grant SPS judgment on the pleadings.

## II. STATEMENT OF ALLEGATIONS.

Plaintiffs' Amended Complaint pursues a putative class action under RESPA against SPS for breach of the loan servicer's alleged duty to respond to borrower inquiries. (Amended Complaint, ECF No. 14 ["Amended Compl."] at ¶ 1.) The Amended Complaint pleads nearly identical allegations and claims as the initial complaint but for two additional paragraphs:

> 16. Furthermore, at least two requests were made by Plaintiffs for the recordings in question and Defendant failed to produce the recordings in response to each request which further illustrates its pattern and practice of noncompliance.
>
> 17. As a result of Defendant's failure to provide the recordings and transcripts, Plaintiffs paid for postage to send the second QWR letter to Defendant.

(Amended Compl. at ¶¶ 16-17.)

Plaintiffs allege that they mailed a Qualified Written Request to Notice of Error to SPS near the end of 2022.[1] (Amended Compl. at ¶ 24.) The QWR requested production of several documents, including a copy of all call recordings and transcripts of conversations with Plaintiffs concerning their account. (*Id.*) According to Plaintiffs, SPS provided some documents but no telephone recordings. (*Id.*)

More specifically, Plaintiffs' counsel mailed a QWR to SPS on or around July of 2022, which was delivered on August 8, 2022; it disputed the validity of the debt Plaintiff Lisa Bowen owed and requested twenty-six sets of information, including a copy of any and all recordings and

---

[1] It appears that Plaintiffs' Amended Complaint refers to the QWRs in question as Qualified Written Request to Notice of Error in order to combine a Request for Information with a Notice of Error sent in one letter.

2

transcripts of conversations with Plaintiffs concerning their account. (Amended Compl. at ¶ 25; *see also* July 27, 2022 Letter from Law Offices of Attorney Nick Yousif, LLC, *Exhibit A*.)

On or around December of 2022, Plaintiffs allege they mailed a second QWR that also asked for several documents, including call recordings and transcripts of call recordings. (*Id.* at 26.) The letter was dated November 29, 2022 and sent by Plaintiffs' counsel; it provides that SPS responded to the July 27, 2022 letter in part but that two requests remain outstanding: copies of all recordings and transcripts of conversations between Lisa Bowen and SPS. (November 29, 2022 Letter from Law Offices of Attorney Nick Yousif LLC, *Exhibit B*.)

Plaintiffs allege they mailed a third QWR on or around February 27, 2023, and again requested call recordings and transcripts of call recordings. (Amended Compl. at ¶ 27; *see also* February 13, 2023 Letter from Law Offices of Attorney Nick Yousif LLC, *Exhibit C*.) Plaintiffs allege that they received a response from SPS on or about March 10, 2023, that enclosed a copy of the Account History, but SPS responded that recorded messages would not be provided. (Amended Compl. at ¶¶ 28-30.)

Plaintiffs allege, on information and belief, that SPS has the ability to produce the requested recordings through reasonable business effort, and that SPS's refusal appears to be a template response sent to many consumers that shows a pattern or practice of noncompliance with RESPA. (Amended Compl. at ¶¶ 31-35.) Plaintiffs seek to represent a putative class of borrowers that include: all persons in the United States with a mortgage loan serviced by SPS who requested, and were denied, copies of recordings or transcripts of phone calls between themselves and SPS within three years of filing the Amended Complaint. (*Id.* at ¶ 42.)

As for damages, Plaintiffs' initial complaint claimed only statutory damages up to $2,000 for each of SPS's failure to respond to a QWR based on an alleged pattern or practice of

noncompliance. (Plaintiffs' Complaint, ECF. No. 1 at ¶¶ 14, 61 and Prayer for Relief.) In response to SPS's Motion for Judgment on the Pleadings, Plaintiffs filed an Amended Complaint in which they include an allegation of postage payment to send the second QWR to SPS. (Amend. Compl. at ¶ 17.) As a result, the damages alleged in this case consist of: (1) statutory penalties in the event the Court determines that SPS engaged in a pattern or practice of noncompliance with RESPA and (2) the postage Plaintiffs' counsel paid to send the second QWR to SPS.

### III. STANDARD OF REVIEW.

"A motion for judgment on the pleadings bears a strong family resemblance to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and these two types of motions are treated in much the same way." *Kando v. R.I. State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018). To survive a motion to dismiss, a complaint must contain sufficient factual material "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a motion under Rule 12, a court must disregard "statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Lemelson v. U.S. Bank N.A.*, 721 F.3d 18, 21 (1st Cir. 2013) (citations omitted); s*ee also U.S. v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992) (the Rule 12(b)(6) standard "does not mean… that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized").

### IV. LEGAL ARGUMENT.

RESPA requires that any borrower seeking relief, whether individually or in a class action, establish actual damages that result from a loan servicer's failure to comply with 12 U.S.C. § 2605. Section 2605(f) (**Damages and costs**) provides that a loan servicer is liable to a borrower for the following damages:

In the case of a class action, an amount equal to the sum of—

4

(A) any actual damages to each of the borrowers in the class as a result of the failure; and

(B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not greater than $2,000 for each member of the class....

12 U.S.C. § 2605(f)(2). Numerous courts in this jurisdiction have uniformly interpreted section 2605(f) to require that a borrower demonstrate actual damages resulting from the violation to pursue relief under RESPA. *Dyer v. Capital One, N.A.*, 496 F. Supp. 3d 554 (D. Mass. 2020); *Bulmer v. MidFirst Bank, FSA*, 59 F. Supp. 3d 271, 279 (D. Mass. 2014); *Searle v. RBS Citizens, N.A.*, C.A. No. 17-10427, 2018 U.S. Dist. LEXIS 36966, *18 (D. Mass. Mar. 7, 2018); and *Okoye v. Bank of N.Y. Mellon*, C.A. No. 10-11563, 2011 U.S. Dist. LEXIS 82769, *52-*53 (D. Mass. July 28, 2011). For example, in *Okoye*, 2011 U.S. Dist. LEXIS 82769 at *56, the Massachusetts federal court dismissed borrowers' RESPA claim because they did not allege any damages they suffered as a result of the servicer failing to provide them with information in response to RESPA requests. "Instead, the damages generally referred to in the Complaint arise from fees and other charges largely assessed prior to sending the first qualified written request to Litton." *Id.* The Court's legal analysis in *Okoye* focused on RESPA's demand that a borrower not only allege actual damages but also identify how the RESPA violation caused the damages. *Id.* at *53-*54.

    **A.**     THE EXPRESS TERMS OF RESPA ONLY ALLOW STATUTORY DAMAGES AS A MEASURE OF LIABILITY FOR A PATTERN OR PRACTICE OF NONCOMPLIANCE IF ACTUAL DAMAGES ARE FIRST ESTABLISHED.

The statutory damages provided under RESPA are not available to Plaintiffs on pattern or practice allegations alone. RESPA's class action damages section only allows statutory damages as an *additional* measure of relief in the case of a pattern or practice of noncompliance. 12 U.S.C. § 2605(f)(2). According to the statute, a loan servicer can be held liable in the case of class action for "any actual damages to each of the borrowers in the class as a result of the failure; and any

additional damages, as the court may allow, in the case of a pattern or practice of noncompliance." Numerous federal courts have analyzed RESPA's damages provision and concluded that a pattern or practice of noncompliance is insufficient to seek statutory penalties; the alleged noncompliance must also cause actual damages. *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 719-21 (8th Cir. 2017); *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1247 n.4 (11th Cir. 2016); *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 523 (10th Cir. 2013); *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 510-11 (8th Cir. 2012); *Bivins v. Select Portfolio Servicing, Inc.*, C.A. No. 1:15-cv-4325, 2016 U.S. Dist. LEXIS 194620, *9-*12 (N.D. Ga. June 1, 2016).

In *Wirtz*, 886 F.3d at 719, the Eighth Circuit reversed the judgment entered in favor of a borrower in a RESPA claim against a mortgage loan servicer because the borrower failed to prove actual damages. The Court analyzed whether Wirtz could recover additional damages for a pattern or practice of noncompliance if there were no actual damages. *Id.* at 719-720. The Court focused on the term "additional" in the damages provision to conclude that a borrower cannot recover these statutory damages under RESPA without first recovering actual damages:

> A borrower cannot recover "additional" damages under § 2605(f)(1)(B) without first recovering actual damages. "[A]dditional" means "[e]xisting in addition, coming by way of addition; added." 1 *Oxford English Dictionary* 144 (2d ed. 1989). For RESPA's statutory damages to be "additional," there must be other damages to which they are "added." Because Wirtz suffered no actual damages, the district court's award of statutory damages must be reversed.

*Id.* at 719-20.

In *Bivins v. Select Portfolio Servicing, Inc.*, 2016 U.S. Dist. LEXIS 194620 at *9-*11, the Georgia federal court provided a more in-depth analysis of the plain and ordinary language employed in § 2605(f). The Court dismissed a class action suit where the class representative only sought statutory damages and did not allege that he or any other putative member suffered actual damages. *Id.* at *12. Like *Wirtz*, the Court reviewed the Oxford English Dictionary's definition of

6

the term "additional" ("in addition to something else") to conclude that the use of the term "presupposes the existence of some other thing which is supplemented or increased by another." *Id*. at *10. The Court further ruled that the statute's use of two conjunctive words ("and" and "additional") demonstrated that Congress did not intend for the damages provisions to be read disjunctively. *Id.* at *11. Use of the words "and" and "additional" logically refuted the plaintiff's argument that damages under RESPA were *either* actual *or* statutory in the case of a pattern and practice claim.[2]

There are some rulings that RESPA claims require a plaintiff to plead actual *or* statutory damages. *See Canty v. Wells Fargo Bank, N.A.*, 463 F. Supp. 3d 57, 65 (D. Mass. 2020); *Afridi v. Residential Credit Sols, Inc.*, 189 F. Supp. 3d 193, 200 (D. Mass. 2016); and *Gaydos v. Bank of Am., N.A.*, C.A. No. 1:17-cv-10246, 2019 U.S. Dist. LEXIS 15220 at *9 (D. Mass. Jan. 30, 2019). These decisions all cite to *Kassner v. Chase Home Fin., LLC*, C.A. No. 11-10643, 2012 U.S. Dist. LEXIS 10358, * 19 (D. Mass. Jan. 27, 2012), which misinterprets the statutory requirements for damages: "in order for plaintiff to recover she must also plead either actual damages (demonstrable damages that occur 'as a result of' the specific violation complained of) or statutory damages (requiring the showing of a 'pattern or practice of noncompliance' by the servicer)." As discussed above, the statute does not provide a disjunctive assessment of damages depending on whether a borrower is pursuing a claim for actual damages or for a pattern or practice of noncompliance. Instead, RESPA provides that a servicer may be liable to a class of borrowers for actual damages that result from the servicer's failure and any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance. The *Kassner* line of cases reads an either/or analysis

---

[2] While not relevant at this point, the Georgia federal court addressed the plaintiff's concern that requiring proof of actual damages would render RESPA class actions unworkable. The Court concluded that the plaintiff's concern about hypothetical challenges in managing a class action could not trump the statutory language that statutory damages are additional damages. *Bivens,* 2016 U.S. Dist, LEXIS 194620 at *11-*12.

7

55043\314717832.v1

of the RESPA damages provision that simply does not exist on the face of the statute itself. Plaintiffs' Amended Complaint is similarly flawed.

In this case, Plaintiffs allege a pattern or practice of noncompliance in order to claim statutory damages alone and without any actual damages that result from the purported RESPA violation. According to the Amended Complaint, SPS "neglected to fulfill its duty to provide information available to it in the regular course of business to Plaintiffs upon receipt of Plaintiffs' QWR and RFI" and SPS "demonstrated a 'pattern or practice' of failing to adequately respond to borrowers' requests for account information, which makes Defendant liable for statutory damages in an amount up to $2,000 for each failure to adequately respond." (Amended Compl. at ¶¶ 13-14). Plaintiffs repeatedly allege that "Defendant failed to produce the recordings in response to each request which further illustrates its pattern and practice of non-compliance." (*Id.* at ¶ 35). For the allegations particular to the RESPA cause of action, Plaintiffs allege at least 40 similarly situated borrowers whom Plaintiffs claim SPS denied RESPA requests, and that "[t]his is sufficient to demonstrate a 'pattern or practice' under RESPA" amounting to liability for statutory damages. (*Id.* at ¶ 63). Plaintiffs include an award of actual damages in their prayer for relief but only "according to proof per violation to each of the named Plaintiffs individually and to each member of the Class." (Amend. Compl. Prayer for Relief.)

RESPA's statutory language, as well as *Wirtz* and *Bivins*, demonstrate that statutory penalties only exist as additional damages, which are not available in the absence of any actual damages. The allegations of a pattern or practice of noncompliance alone cannot create a RESPA cause of action entitling Plaintiffs to receive statutory damages because the statute requires Plaintiffs to establish actual damages resulting from the RESPA violation before a court can review additional damages based on a pattern or practice of noncompliance.

**B. POSTAGE COSTS ARE NOT RECOVERABLE DAMAGES UNDER RESPA.**

Plaintiffs do not claim actual damages that result from the alleged RESPA violation in their Amended Complaint. Instead, the Amended Complaint pursues reimbursement of the postage their counsel paid to send the November 29, 2022 QWR. RESPA explicitly distinguishes the recovery of actual damages from the costs of pursuing relief. Section 2605(f)(3) provides a separate provision through which a successful borrower may recover reasonable costs and attorneys' fees:

> In addition to the amounts under paragraph (1) or (2), in the case of any successful action under this section, the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances.

12 U.S.C. § 2605(f). The structure of Section 2605(f) demonstrates separation of damages from the recovery of costs. Moreover, the statute's phrasing of costs "[i]n addition to the amounts under paragraph (1) or (2)" provides that postage is not only distinct from actual and statutory damages but presupposes that a borrower has demonstrated actual damages to allow recovery.

RESPA requires postage fees in order for a borrower to initiate a QWR through the mailing of a request for information or notice of error. Section 2605(e) requires the borrower to send the servicer a written request. According to RESPA's implementing regulation, Regulation X, if a servicer establishes an address for receipt of QWRs, the borrower "must use the established address to assert an error." 12 CFR 1024.35(c). Courts have reviewed the statute and regulation to conclude that a borrower must mail a written request to the servicer in order to initiate the servicer's duty to respond with information or error resolution procedures. *See, e.g.*, *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141 (10th Cir. 2013) (Tenth Circuit affirms dismissal of suit because faxing letters to a servicer did not qualify as a RESPA QWR); *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 421 Fed. Appx. 97, 100 (2nd Cir. 2011) (Second Circuit affirmed dismissal of a borrower's RESPA suit because the QWR was sent by e-mail); *Rahn v. Bank of Am.*, C.A. No.

1:15-CV-4485, 2016 U.S. Dist. LEXIS 186171, *18-*19 (N.D. Ga. June 23, 2016) (Georgia federal court dismisses a RESPA claim because borrower's oral communications to the servicer did not amount to a QWR).

Courts have reviewed Section 2605(f) and held that postage costs are not actual damages under RESPA. In *Robinson v. Bank of Am., N.A.*, Case No.: 21-cv-00110-AJB-DEB, 2022 U.S. Dist. LEXIS 50429 at *21-*22 (S.D. Cal. Mar. 21, 2022), the court dismissed plaintiff's claim that the postage expenses resulting from the defendant's failure to respond to QWRs were actual damages because RESPA separately includes a recovery for attorneys' fees and costs. In *Fox v. Statebridge Co., LLC*, 629 F.Supp. 3d 300, 311 (D. Md. 2022), the court agreed with *Robinson* and rejected plaintiff's claim for actual damages resulting from postage fees, finding that the minimal postage associated with follow-up letters does not constitute actual damages under RESPA.

Courts in the First Circuit have concluded that postage costs incurred in pursuing RESPA claims are not actual damages. *Fitch v. Fed. Hous. Fin. Agency*, C.A. No. 18-cv-214JJM, 2021 U.S. Dist. LEXIS 203021 (D. R.I. Oct. 21, 2021); *Curtis v. Embrace Home Loans, Inc.*, C.A. No. 18-057, 2020 U.S. Dist. LEXIS 78533 (D.R.I. May 4, 2020); *St Armour v. Fed. Home Loan Mortg. Corp.*, C.A. No. 18-254, 2019 U.S. Dist. LEXIS 56273 (D.R.I. Apr. 2, 2019); *Pemental v. Bank of New York Mellon*, C.A. No. 16-483S, 2017 U.S. Dist. LEXIS 122971 (D.R.I. May 10, 2017); *see also In re Jackson*, 622 B.R. 321, 327 (Bankr. D. Mass. 2020). Most recently, in *Fitch*, 2021 U.S. Dist. LEXIS 203021 at **11-12 and **23-24, the Rhode Island federal court dismissed a RESPA suit for lack of damages where the plaintiff alleged injury arising from the costs of gasoline to visit his attorney, electricity to call his attorney, postage and copying costs to send the QWRs and

attorneys' fees and costs to prosecute the action. The Rhode Island federal court concluded that the fees, costs, and expenses in prosecuting a lawsuit did not amount to damages. *Id.*

Plaintiffs' Amended Complaint does not include any allegation of actual damages. The Amended Complaint only raises a cost Plaintiffs incurred to send a RESPA QWR: "As a result of Defendant's failure to provide the recordings and transcripts, Plaintiffs paid for postage to send the second QWR letter to Defendant." (Amended Compl. at ¶ 17.) Plaintiffs' counsel incurred the postage fees prior to, and in anticipation of, filing this action. In fact, it was Plaintiffs' attorney that sent all three QWRs to SPS. (*See* Exhibits A-C.) The fact that Plaintiffs' attorneys posted each of the letters in question demonstrates that postage paid for the QWRs is a cost of the action that is recoverable under Section 2605(f)(3) but cannot be an actual damage under Section 2605(f)(2). The statute requires the borrower to pay postage in order to mail a qualified written request and provides recovery of those costs as a measure of relief separate and distinct from actual damages available to a borrower following a successful action. Plaintiffs fail to allege facts sufficient to pursue relief under the statute and this Court should dismiss the case.

## V. CONCLUSION

The Amended Complaint demonstrates that Plaintiffs continue to premise their case and claims on establishing statutory damages through allegations of SPS's purported pattern or practice of not producing phone call recordings or transcripts when responding to a RESPA request for that information. This theory fails. By amending to include a (deficient) allegation of actual damages, Plaintiffs concede that actual damages are a necessary element of a RESPA claim. Plaintiffs' apparent effort to claim actual damages in the Amended Complaint is merely an allegation of $.60 in costs their counsel paid to send a QWR to SPS. That theory too fails. The original and amended complaints demonstrate Plaintiffs and the putative class have no actual damages. (Amended

11

Compl. at ¶¶ 16-17). Accepting as true all of the allegations in this Amended Complaint for purposes of the motion, SPS is entitled to judgment on the pleadings.

SELECT PORTFOLIO SERVICING, INC.,
By its attorneys,

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, BBO #665755
Megan E. Ryan, BBO #710300
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Tel: 617-213-7000
Fax: 617-213-7001
sbodurtha@hinshawlaw.com
meganryan@hinshawlaw.com

Dated: September 21, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September, 2023, the foregoing document was served upon all counsel of record through the Court's e-filing system.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha