IN THE UNITED STATES DISTRICT COURTT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES BOWEN and LISA BOWEN, | ) | |
| Individually and On Behalf of All | ) | |
| Others Similarly Situated, | ). | Case No. 1:23-cv-11231-IT |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC, | ) | |
| | ) | |
| Defendants. | ) | |

---

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS

### INTRODUCTION

James Bowen ("Plaintiff James") and Lisa Bowen ("Plaintiff Lisa") (together referred to as "Plaintiffs"), on behalf of themselves and others similarly situated file this opposition to Select Portfolio Servicing, Inc.'s ("Defendant") Motion For Judgment on the Pleadings ("Defendant's Motion"). For the reasons discussed herein, the Court should deny Defendant's Motion.

### STATEMENT OF FACTS

In the present Action, Defendant failed to properly respond to multiple requests for information as obligated under the Real Estate Settlement Procedures Act ("RESPA"). In total, Plaintiffs mailed three (3) Qualified Written Requests ("QWR") and Notices of Error ("NOE") to Defendant. Plaintiffs believed there was an error in the amounts Defendant claimed Plaintiffs owed. Thus, Plaintiffs sent their first Qualified Written Request ("QWR") and Notice of Error ("NOE") in

or around July 2022. See Plaintiffs' First QWR Letter attached as "Exhibit A;" See also Plaintiff's First Amended Complaint ("FAC.") ¶ 24. Specifically, Plaintiff asked for "[a] copy of any and all recordings… [and a] copy of any and all transcripts of conversations with [Plaintiff] or any other person concerning [Plaintiffs'] account." FAC ¶ 24. This is information pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. §§ 1024.35, 1024.36. *Id*. This letter alerted Defendant that Plaintiffs believed there was an error relating to the principal balance, monthly payment, assessed costs, calculated escrow, and other "fees". *See* Exhibit A. The letter requested from Defendant a variety of information to ensure that Plaintiffs were being charged the correct amount. *Id.* This included a variety of documents, files, recordings, and notes. Exhibit A; FAC ¶ 23.

Defendant responded to the letter and while Defendant complied with some of the requests, it did not provide telephone recordings or transcripts. *See* Defendant's Response to Plaintiffs' First QWR (without enclosures for privacy reasons) attached as "Exhibit B." In fact, the response to Plaintiffs' first QWR did not mention the recordings or transcripts at all. *Id.* As a result, Plaintiffs were forced to send a second QWR. On or about December of 2022, Plaintiffs sent a second QWR, once again requesting the recordings and transcripts because Defendant's first response was unclear. *See* Plaintiffs' Second QWR attached as "Exhibit C"; *see also* FAC ¶ 26. Plaintiffs hoped that the second letter would be responded to in its entirety with more clarity. However, Defendants merely provided a summary of phone calls, but not the actual recordings. FAC ¶¶ 14, 62.

On or around February of 2022 Plaintiffs sent a third QWR once again requesting the recordings and transcripts Defendant was withholding. FAC ¶ 27. Defendant responded, and refused to provide any recordings or transcript recordings. FAC ¶ 28. Instead, Defendants stated:

> In your inquiry, you requested that we provide all recorded
> conversations and the conversation log between James P. Bowen

and Lisa A. Bowen and SPS. While we will not provide the recorded
messages, we have enclosed a copy of the Account History.

See Defendant's Response to Plaintiffs' Third QWR attached as Exhibit E; *see also* FAC ¶ 29.

As a result of Defendant's stonewalling, Plaintiff has incurred damages in the form of having

to send two subsequent letters and incurring postage charges. FAC. ¶ 17. Defendant has the ability

to easily produce the requested recordings through reasonable business efforts. FAC ¶¶ 13, 32, 60.

Defendant's actions show a clear pattern and practice of non-compliance with RESPA. FAC ¶ 16,

63.

## LEGAL STANDARD

Motions for judgment on the pleadings are governed by Federal Rule of Civil Procedure

12(c). Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—

a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings

is proper when the moving party clearly establishes on the face of the pleadings that no material issue

of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Salform Inc. v.*

*Anvil Int'l, LLC*, 2020 U.S. Dist. LEXIS 133106 (D. NH). In evaluating a motion for judgment on the

pleadings, the court views the facts presented in the pleadings, and all reasonable inferences

therefrom, in the light most favorable to the party opposing the motion. See *Najas Realty, LLC v.*

*Seekonk Water Dist.*, 821 F.3d 134, 140 (1st Cir. 2016); *Feliciano v. State of R.I.*, 160 F.3d 780, 788

(1st Cir. 1998). Moreover, all of the allegations of the non-moving party are credited as true, whereas

those allegations of the moving party which have been denied are deemed false. See *Villeneuve v.*

*Avon Prods., Inc.*, 919 F.3d 40, 49 (1st Cir. 2019).  In effect, the standard for resolving a motion for

judgment on the pleadings under Rule 12(c) is identical to that applicable to a motion to dismiss

brought under Federal Civil Procedure Rule 12(b)(6), except that a Rule 12(c) motion implicates the

allegations of all of the pleadings rather than those of the complaint alone. *See Aponte-Torres v. Univ. Of Puerto Rico*, 445 F.3d 50, 55 (1st Cir. 2006). *Id*.

## ARGUMENT

### A. Plaintiff has Alleged Statutory Damages, Which is Sufficient

12 U.S.C. § 2605 provides that in the case of a class action, class members are entitled to an amount equal to the sum of—

A. **(A)** any actual damages to each of the borrowers in the class as a result of the failure; ***and***

B. **(B)** any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not greater than $2,000 for each member of the class…[emphasis added]

12 U.S.C. § 2605(f)(2).

"In the context of a motion to dismiss, allegations of injury or damage resulting from a RESPA violation are generally sufficient and need not be described with specificity." *Hamilton v. Fed. Home Loan Mortg. Corp.*, 2014 U.S. Dist. LEXIS 129456 D. Maine 2014) citing *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 721 (6th Cir. 2013) (reversing district court's dismissal of RESPA claim and holding that the details concerning harm and causation are issues for summary judgment). "The First Circuit has held that 'statutory damages should be calculated as an estimate of actual damages, without additional deterrence consideration.' *Joe Hand Promotions, Inc. v. Lenihan*, Civil Action No. 11-10504-TSH, 2012 U.S. Dist. LEXIS 118135, 2012 WL 3637833 (D. Mass. Aug. 21, 2012); (citing *Charter Commc'ns Entm't I v. Burdulis*, 460 F.3d 168, 172 (1st Cir. 2006) at 818)." *J & J Sports Prods., Inc. v. Velez*, Case No. 17-cv-30071-MGM, 5 (D. Mass. Oct. 3, 2018).

District courts in the First Circuit have held that actual damages and statutory damages can be considered "coordinate alternatives." *Id.*

Here, the First Circuit and district courts within the First Circuit in sweeping fashion have found that statutory *or* actual damages are sufficient under the RESPA. *See Charter Commc'ns Entm't I.* Plaintiffs requested relief from the Court in the form of statutory damages under RESPA. *See* FAC ¶¶ 14, 63, "Prayer for Relief." Thus, Plaintiffs have sufficiently pled statutory damages, which is all that is needed in the First Circuit.

Defendant cites to *Okoye* for the proposition that plaintiffs are required to show actual damages in a RESPA action. *Okoye v. Bank of N.Y. Mellon*, C.A. No. 10-11563, 2011 U.S. Dist. LEXIS 82769 (D. Mass. July 28, 2011). However, as Defendant notes in its brief, *Okoye*'s ruling was based on costs incurred "prior to sending the first qualified written request…" *Okoye* at *56. Here, Plaintiffs are claiming postage costs incurred *after* the first qualified written requests as a result of Defendant's failure to properly respond to Plaintiffs' QWRs.

Defendant additionally cites to the *Dyer* case, which is easily distinguishable. In *Dyer*, the plaintiffs failed to allege that the costs resulted from Defendant's failure to respond to the QWRs. *Dyer v. Capital One, N.A.*, 496 F. Supp. 3d 554 (D. Mass. 2020). Here, Plaintiffs explicitly state in the FAC that "[a]s a result of Defendant's failure to provide the recordings and transcripts, Plaintiffs paid for postage to send the second QWR letter to Defendant. FAC ¶ 17. Indeed, Defendant failed to even address the request for recordings in its response to Plaintiffs' first QWR. *See* Exhibit B. Furthermore, Defendant failed to respond with any recordings in response to the second QWR, so Plaintiff was forced to pay postage for a third QWR. *See* Plaintiffs' Third QWR attached as Exhibit D.

Defendant also cites to *Bulmer*, which found that 1) the plaintiff can make a showing of actual damages; or 2) the plaintiff can pursue statutory damages if there is a pattern and practice of noncompliance by the defendant. *Bulmer v. MidFirst Bank, FSA*, 59 F. Supp. 3d 271 (D. Mass. 2014). In regards to finding number one, the facts here are distinguishable from *Bulmer*. In *Bulmer*, the plaintiffs alleged that their foreclosure was a result of the defendant's failure to properly respond to the QWR. However, foreclosure proceedings had already started before the plaintiff sent the QWR in *Bulmer*. Thus, *Bulmer* follows the *Okoye* ruling that found costs cannot be recovered that were incurred "prior to sending the first qualified written request…" *Okoye* at *56. Again, that is not the case here. Plaintiffs incurred the postage costs after, and as a result of, Defendant's failure to properly respond to the first and second QWRs. FAC ¶ 17.

In regards to the second finding in *Bulmer*, Plaintiffs have alleged facts supporting a pattern and practice of noncompliance by Defendant including that Defendant failed to properly respond to Plaintiffs' QWR letters on three occasions. FAC ¶¶ 16, 35. Furthermore, Defendant's blanket refusal to Plaintiffs on multiple occasions appears to be a uniform template response sent to many consumers. FAC ¶ 34. Finally, Plaintiffs will likely require some discovery to fully investigate Defendant's pattern and practice in responding to QWRs and NOEs so a finding on this issue would be premature.

Defendant also cites to *Searle*, which again, is distinguishable. *Searle v. RBS Citizens, N.A.*, 2018 U.S. Dist. LEXIS 36966 (D. Mass. 2018). The *Searle* holding was limited in that it merely found that the plaintiffs in the case had "not provided a sufficiently detailed explanation concerning their damages or how the damages they claim to have suffered were connected to the alleged RESPA violations…" *Searle* at *19. Here, Plaintiffs have sufficiently connected the damages to the noncompliance by Defendant. *See* FAC ¶ 17.

Defendant heavily cites to *Wirtz*, which incorrectly interpreted RESPA and proposed that additional damages are only available if actual damages are established. *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713 (8th Cir. 2018). This does not follow the plain reading of the statute, which allows for both actual and additional damages, which include statutory damages. 12 U.S.C. § 2605(f)(2). The *Renfroe*, *Toone*, *Hintz*, and *Bivins* cases that Defendant also cites for this proposition are all out-of-circuit cases and should be disregarded here because the First Circuit clearly allows either actual or statutory damages, and one is not required to obtain the other. *See Charter Commc'ns Entm't I*, 460 F.3d 168, 172 (1st Cir. 2006).

### C. Plaintiff Has Alleged Recoverable Actual Damages

Defendant spends a lengthy amount of its motion refuting the fact that postage costs are actual damages. However, "[c]ourts have found that actual damages may include, but are not limited to, (1) out-of-pocket expenses incurred dealing with the Real Estate Settlement Procedures Act (RESPA) violation." *Read v. Cenlar FSB*, No. EDCV 21-504 JGB (SPx), 2021 U.S. Dist. LEXIS 189791, at *1 (C.D. Cal. Sep. 30, 2021) ("This is 'money that, absent defendant['s] actions, [Plaintiff] would not have spent.' *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011))." "Relevant authority recognizes postage costs as actual damages when incurred as a result of the RESPA violation." *Id.* Indeed, the postage costs here were incurred as a result of Defendant's noncompliance with RESPA and failure to address the recordings and recording transcripts at issue here. *See Benner v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 52716 (D. Maine) (Court denied motion to dismiss based on the fact that postage charges were incurred and it is question of fact as to whether the costs could have been mitigated).

Nearly all of Defendant's cases cited in furtherance of its argument that postage charges are not recoverable are in the context of costs incurred prior to the first QWR letter. Most of these cases

found that the damages could not be causally linked to the defendants' noncompliance. Here, Plaintiffs have alleged that the postage is linked to Defendant's noncompliance. Specifically, Defendant's first response failed to address the recordings and transcripts. *See* Exhibit B. Defendant failed to respond to the second QWR with any recordings, requiring a third QWR to be sent. *See* Exhibit D. Thus, Plaintiffs' situation here differs from the cases that Defendant cited in opposition.

## D. In the Event the Court Believes The Allegations are Deficient, Plaintiffs Request Leave to Amend

Rule 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P 15(a)(2)). The Rule goes on to state that "[t]he court should freely give leave when justice so requires." *Id.* The Supreme Court in *Foman v. Davis* stated: In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given." *Id.* (citing *Foman v. Davis,* 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

Here, the facts show that at a very minimum, Plaintiffs can (assuming Plaintiffs have not adequately done so already) plead adequate damages for violations of RESPA. Plaintiffs respectfully request leave to amend Plaintiffs' claims to satisfy any perceived deficiencies by the Court, if any exist. Such circumstances are the norm when it appears that a plaintiff has a viable cause of action, but for one reason or the other, a court finds that such a cause of action was inadequately pled. *Id.*

///

///

///

///

///

**Conclusion**

As discussed significantly herein, Plaintiffs need only allege statutory or actual damages. One is not a prerequisite for the other. Additionally, Plaintiffs have properly alleged both statutory and actual damages. For the reasons discussed above, Plaintiffs request that the Court deny Defendant's Motion for Judgment on the Pleadings.

Dated: October 5, 2023

Respectfully submitted,

By: /s/ Ryan L. McBride
Ryan L. McBride

Certificate of Service

I hereby certify that I served this Response to Motion for Judgment on the Pleadings and attached Exhibits A-D upon all counsel of record in this case via email on October 5, 2023.


/s/Ryan L. McBride
Ryan L. McBride