UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES BOWEN and LISA BOWEN,<br>Individually and On Behalf of All Others<br>Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:23-cv-11231-IT<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

July 26, 2024

TALWANI, D.J.

Plaintiffs James Bowen and Lisa Bowen bring this purported class action against Defendant Select Portfolio Servicing, Inc. ("SPS") for alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et seq., and Regulation X, 12 C.F.R. § 1024. Am. Compl. 1–2 [Doc. No. 14]. Pending before the court is Defendant's Motion for Judgment on the Pleadings [Doc. No. 20] (the "Motion"). For the reasons set forth below, Defendant's Motion [Doc. No. 20] is GRANTED.

**I.    Standard of Review**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings at any time "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Where "a motion for judgment on the pleadings 'is employed as a vehicle to test the plausibility of a complaint, it must be evaluated as if it were a motion to dismiss.'" Shay v. Walters, 702 F.3d 76, 82 (1st Cir. 2012). The court therefore assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the [nonmovant's] favor." Nisselson v.

1

Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive a motion for judgment on the pleadings, the nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint [. . .] does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Ordinarily, courts are "forbidden" from considering any documents "not attached to the complaint, or not expressly therein" when adjudicating a motion for judgment on the pleadings. Cf. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (stating this principle when adjudicating a motion to dismiss). However, courts make "narrow exceptions for documents the authenticity of which are not disputed by the parties; . . . for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id.

**II. Background**

    A. *Statutory Background*

Under RESPA, servicers of federally related mortgage loans must respond to "qualified written request[s]" from borrowers "for information relating to the servicing" of their loan. 12 U.S.C. § 2605(e)(1)(a). In response to a request, the servicer is required to "conduct[] an investigation" and either "provide the borrower with . . . [the] information requested" or "provide the borrower with a written explanation . . . of why the information requested is unavailable or cannot be obtained by the servicer." Id. § 2605(e)(2)(C).

If a servicer fails to comply with these provisions, a borrower may sue individually for "an amount equal to the sum of—(A) any actual damages to the borrowers as a result of the failure; <u>and</u> (B) any <u>additional</u> damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000[,]" and on behalf of a class in "an amount equal to the sum of—(A) any actual damages to each of the borrower in the class as a result of the failure; <u>and</u> (B) any <u>additional</u> damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not greater than $2,000 for each member of the class" (with an aggregate limit not relevant here). 12 U.S.C. § 2605(f)(2) (emphases added); <u>see also</u> Regulation X, 12 C.F.R. §§ 1024.35, 1024.36 (implementing RESPA).

      B.    *Factual Background (as Alleged in the Pleadings and Submitted Documents)* [1]

On July 27 2022, Plaintiffs mailed the Defendant a Qualified Written Request ("QWR") asking for several documents including "[a] copy of any and all recordings . . . [and a] copy of any and all transcripts of conversations with [Plaintiffs] or any other person concerning [Plaintiffs'] account[,]" pursuant to RESPA and Regulation X. <u>Id.</u> ¶ 24; <u>see also</u> First QWR, Pls.' Opp. to Def.'s Mot., Ex. A [Doc. No. 25-1]. Defendant responded with some documents but did not provide the requested telephone recordings or transcripts in its response. <u>Id.</u> ¶ 24; <u>see also</u> First QWR Resp., Pls.' Opp. to Def.'s Mot., Ex. B [Doc. No. 25-2].

On November 29, 2022, Plaintiffs mailed the Defendant a second QWR reiterating their request for a copy of all call recordings and transcripts. Am. Compl. ¶ 26 [Doc. No. 14]; Second

---

[1] The documents attached to <u>Plaintiffs' Opposition to Defendant's Motion for Judgment on the Pleadings</u> [Doc. No. 25] and cited in this section are not disputed as inauthentic and are central to the claims or sufficiently referred to in the <u>Amended Complaint</u> [Doc. No. 14].

QWR, Pls.' Opp. to Def.'s Mot., Ex. C [Doc. No. 25-3]. That letter was delivered to Defendant on December 28, 2022. Am. Compl. ¶ 26 [Doc. No. 14].

On or around February 24, 2023, Plaintiffs mailed Defendants their third QWR. Id. ¶ 27; Third QWR, Pls.' Opp. to Def.'s Mot., Ex. E [Doc. No. 25-5]. On or around March 10, 2023, Plaintiffs' counsel received a partial response from the Defendant, in which the Defendant did not provide the requested recordings or transcripts of calls. Am. Compl. ¶ 28 [Doc. No. 14]. In the response, the Defendant stated:

> In your inquiry, you requested that we provide all recorded conversations and the conversation log between James P. Bowen and Lisa A. Bowen and [Select Portfolio Servicing]. While we will not provide the recorded messages, we have enclosed a copy of the Account History. [. . .]
>
> If a document was not provided it is because it is privileged or proprietary.

Id. ¶¶ 29–30.

Plaintiffs assert that they "believed there was an error in the amounts Defendant claimed Plaintiffs owed[,]" and SPS breached its statutory duties under RESPA by failing to adequately respond to their inquiries. Am. Compl. ¶¶ 1, 13–14 [Doc. No. 14]. Plaintiffs allege upon information and belief that "Defendant has refused to produce recordings for possibly hundreds if not thousands of consumers that have requested them." Id. at ¶ 31. Plaintiffs also allege that the Defendant's refusals are a "pattern and practice" of violating RESPA, because their "blanket refusal . . . appears to be a uniform template response sent to many consumers," and "at least two requests were made . . . for the recordings in question and Defendant failed to produce the recordings in response to each request." Id. at ¶ 34–35.

### III.   Discussion

SPS argues that Plaintiffs have not shown any actual damages resulting from SPS's alleged failure to comply with the provisions of RESPA, 12 U.S.C. § 2605; Def.'s Mem. ISO

Mot. 4 [Doc. No. 21]. And, per SPS, statutory damages are only available under RESPA as "an *additional* measure of relief." Id. at 5 (emphasis in original). SPS therefore argues that because Plaintiffs fail to allege any actual damages in their complaint, they are not entitled to statutory relief under RESPA. See id. at 4–8.

Plaintiffs argue that a plaintiff alleging a RESPA violation need not allege actual damages. Plaintiffs also claim that in any event they have sufficiently alleged actual damages, namely postage charges, incurred when they sent two subsequent letters after the incomplete response to their first QWR. Am. Compl. ¶ 17 [Doc. No. 14].

A. *Alleging Damages under RESPA*

The First Circuit has not considered whether a plaintiff alleging a RESPA violation must allege actual damages. In interpreting statutory provisions, this court begins "where all such inquiries must begin: with the language of the statute itself." Republic of Sudan v. Harrison, 587 U.S. 1, 8 (2019) (internal quotation marks and citation omitted).

A borrower alleging a RESPA violation may sue in an individual action for "an amount equal to the sum of—(A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000[,]" and may sue in a class action in "an amount equal to the sum of—(A) any actual damages to each of the borrower in the class as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not greater than $2,000 for each member of the class" (with an aggregate limit not relevant here). 12 U.S.C. § 2605(f)(1), (2) (emphases added).

The use of "and" to separate the actual damages and statutory damages provisions, see 12 U.S.C. §§ 2605(f)(1)(A), (2)(A), and the use of the word "additional" to preface the availability of statutory damages, id. §§ 2605(f)(1)(B), (2)(B), supports Defendant's reading that Plaintiffs must plead actual damages *before* pursuing statutory damages. Two circuits have so concluded, explaining that statutory damages under RESPA are only available after actual damages are sufficiently pled. See Wirtz v. Specialized Loan Servicing, LLC, 886 F.3d 713, 719–20 (8th Cir. 2018) ("A borrower cannot recover 'additional' damages under [12 U.S.C.] § 2605(f)(1)(B) without first recovering actual damages."); Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 1000 (11th Cir. 2020) ("[T]he use of 'additional' seems to indicate that a Plaintiffs cannot recover pattern-or-practice damages in the absence of actual damages.").[2]

Plaintiffs contend that "the First Circuit and district courts within the First Circuit in sweeping fashion have found that statutory or actual damages are sufficient under the RESPA." Pls.' Opp. to Def.'s Mot. 5 [Doc. No. 25]. However, the three cases that Plaintiffs cite for this proposition all involved the 1992 Cable Act, 47 U.S.C. §§ 553, 605—*not* RESPA. See id. at 4–5 (citing Joe Hand Promotions, Inc. v. Lenihan, 2012 WL 3637833 (D. Mass. Aug. 21, 2012), Charter Commc'ns Ent. I, DST v. Burdulis, 460 F.3d 168 (1st Cir. 2006), and then J & J Sports Prods., Inc. v. Velez, 2018 WL 5259664 (D. Mass. Oct. 3, 2018), report and recommendation

---

[2] In Toone v. Wells Fargo Bank, N.A., 716 F.3d 516 (10th Cir. 2013), the Tenth Circuit seemed to allow plaintiffs alleging a RESPA violation to plead either actual damages or statutory damages. See id. at 523 ("Therefore, to survive a Rule 12(b)(6) motion to dismiss a claim under [12 U.S.C.] § 2605(e) of RESPA, plaintiffs must plead actual damages stemming from the failure to respond to requests or a pattern or practice of misconduct." (emphasis added)). However, in that case, the district court had already found that plaintiffs had failed to plead actual damages *or* statutory damages. See Toone v. Wells Fargo Bank, N.A., 2011 WL 4499299, at *4–5 (D. Utah Sept. 27, 2011) (dismissing Plaintiffs' RESPA cause of action). As such, the Tenth Circuit was not asked to analyze the damages provisions of RESPA's statutory text and did not opine on the legal issue before this court.

6

adopted, 2018 WL 5251746 (D. Mass. Oct. 19, 2018)). Unlike RESPA, the 1992 Cable Act explicitly states that "[d]amages awarded by any court under this section shall be computed in accordance with either . . . actual damages . . . or . . . statutory damages." 47 U.S.C. § 553(c)(3)(A) (emphasis added). When Congress uses different language in statutes, those differences "convey differences in meaning." Rudisill v. McDonough, 144 S. Ct. 945, 955 (2024) (citation omitted).

Therefore, the cases that Plaintiffs rely on to support the argument that they may plead either actual or statutory damages do not support their case: Plaintiffs must mandatorily plead actual damages in a RESPA claim for their action to survive.[3]

B. *Plaintiffs' Allegations of Actual Damages*

When alleging actual damages, a plaintiff must identify "*how* the stated damages were actually caused by the alleged RESPA violations." See Brown v. CitiMortgage, Inc., 2017 WL 1363305, at *4 (D. Mass. Apr. 11, 2017), aff'd, 2019 WL 11005483 (1st Cir. June 25, 2019) (dismissing RESPA claim because plaintiffs failed to state how their damages were "distinctive damages specifically caused by [the servicer's] failure to properly respond to their letters"). Moreover, "RESPA requires the damages to flow as a *result* of the violation." In re Jackson, 622 B.R. 321, 327 (Bankr. D. Mass. 2020) (internal citations omitted) (emphasis added). A plaintiff is therefore precluded from recovering costs related to preparing her initial QWR to a servicer.

---

[3] At the hearing on this motion, Plaintiffs argued for the first time that this court should interpret RESPA's damages provision like the damages provision in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. (1986). The two Acts' damages provisions are structured similarly. Compare 12 U.S.C. § 2605(f) (the RESPA damages provision) with 15 U.S.C. § 1640(a) (the FDCPA damages provision). However, "[c]ourts are entitled to expect represented parties to incorporate all relevant arguments in the papers that directly address a pending motion." McCoy v. MIT, 950 F.2d 13, 22 n.7 (1st Cir.1991). Where Plaintiffs did not reference the FDCPA in their papers and brought it up for the first time at the hearing, this court does not consider the argument.

Id. at 327–28 (citing 12 U.S.C. § 2605(f)(1)(A)). As such, a plaintiff must demonstrate that she would not have incurred the damages she alleges but for Defendant's failure to respond to her initial request for information.

Here, Plaintiffs allege that "[a]s a result of Defendant's failure to provide the recordings and transcripts, Plaintiffs paid for postage to send the second QWR letter to Defendant." Am. Compl. ¶ 17 [Doc. No. 14]. In other words, Plaintiffs allege that the subsequent postage charges "flow as a result of [Defendant's] [RESPA] violation[s][,]" and are thus considered actual damages. See Pls.' Opp. Def.'s Mot. at 5–6. However, nothing in RESPA or its implementation in Regulation X *required* Plaintiffs to submit a second QWR before filing suit. As another session of this court noted in a similar case, making a second request may provide plaintiffs with "evidence supporting claims of a 'pattern or practice of noncompliance.'" Ortiz v. NewRez LLC, 2024 WL 1521585, at *2 (D. Mass. Apr. 9, 2024). But the "cost of postage . . . is incurred in order to *establish* a RESPA violation, not as a *result* of one." Id. (emphasis added).

Plaintiffs' only allegation of incurring actual damages is the postage costs they incurred for their later QWRs to SPS. Those postage costs were not incurred "as a result of" the SPS's failure to comply with RESPA's provisions.

C.  *Statutory Damages and Article III Standing*

In the alternative, if the statute is construed to not require actual damages for a RESPA claim, Plaintiffs here would lack Article III standing to pursue this action based solely on their statutory damages claims.

SPS did not question Plaintiffs' standing to bring these claims. See generally Def.'s Mem. ISO Mot. [Doc. No. 21]. However, "a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

Federal courts are courts of limited jurisdiction, so federal jurisdiction is never presumed. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). Article III of the Constitution imposes a "threshold requirement" of standing upon "those who seek to invoke the power of the federal courts," namely that they "must allege an actual case or controversy." O'Shea v. Littleton, 414 U.S. 488, 493 (1974) (citing U.S. Const. Art. III, § 2, cl. 1); see also Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992).

Standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016), as revised (May 24, 2016) (quoting Defs. of Wildlife, 504 U.S. at 560–61). Regarding the injury-in-fact requirement, the Supreme Court has additionally held that allegations of "[a]n 'asserted informational injury that causes no adverse effects cannot satisfy Article III [standing].'" TransUnion LLC v. Ramirez, 594 U.S. 413, 441 (2021) (quoting Trichell v. Midland Credit Mgmt., Inc., 964 F. 3d 990, 1004 (11th Cir. 2020)). Moreover, the Supreme Court "has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.' As the Court has emphasized, "'Article III standing requires a concrete injury even in the context of a statutory violation.'" Id. at 426 (quoting Spokeo, 578 U.S. at 34).

Here, Plaintiffs allege that they were injured by not receiving the recordings and transcripts of phone calls they requested from the Defendant. Such an injury is a purely "informational injury that cause[d] [Plaintiffs] no adverse effects[.]" TransUnion LLC, 594 U.S. at 441. Because Plaintiffs fail to allege anything beyond an informational injury even if they were allowed to plead merely statutory damages, they lack Article III standing and this court

9

dismisses their action for that independent reason. See Fitch v. Fed. Hous. Fin. Agency, 2021 WL 4901909, at *8 (D.R.I. Oct. 21, 2021) (finding plaintiff lacked Article III standing where plaintiff "failed to plead any plausible facts to establish that he was actually injured by [the defendant]'s allegedly noncompliant response").[4]

### IV.   Conclusion

For the foregoing reasons, the court finds that a plaintiff alleging a RESPA cause of violation must allege actual damages, and that Plaintiffs' postage costs for their second and third QWRs are not sufficient actual damages. Moreover, even if Plaintiffs had adequately pled a "pattern or practice of noncompliance" as part of their statutory damages allegations, such an informational injury would not grant Plaintiffs Article III standing.

---

[4] In their Opposition [Doc. No. 25] to the Motion [Doc. No. 20], Plaintiffs requested that if the allegations in the Amended Complaint [Doc. No. 14] are found deficient, the court should grant them leave to amend. See Pls.' Opp. to Def.'s Mot. 8 [Doc. No. 25]. At the hearing on this motion, Plaintiffs' counsel argued that they needed to further amend their complaint to include details about the emotional suffering that Plaintiffs underwent due to Defendants' alleged RESPA violations.

Federal Rule of Civil Procedure 15(a)'s "liberal amendment policy . . . does not mean that leave will be granted in all cases." Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 51 (1st Cir. 1998) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487, at 611 (2d ed. 1990)) (internal quotation marks omitted). "Among the adequate reasons for denying leave to amend are 'undue delay' in filing the motion and 'undue prejudice to the opposing party by virtue of allowance of the amendment.'" Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962) (citing Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995)). Undue delay occurs where a party knows the factual basis for a claim but does not assert it at the outset of litigation. See Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 95–96 (1st Cir.2014).

Plaintiffs presumably knew about any emotional suffering at the outset of this litigation and have already had the opportunity to amend their complaint. Allowing Plaintiffs to amend their complaint a second time to include information that was always in their possession would "reward . . . undue delay." Steir, 383 F.3d at 12. Therefore, Plaintiffs' belated request for leave to amend their pleadings is DENIED.

Defendant's Motion for Judgment on the Pleadings [Doc. No. 20] is GRANTED.

IT IS SO ORDERED.

July 26, 2024                               /s/ Indira Talwani
                                            United States District Judge